UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL K. HILL, )<br>)<br>             Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES, )<br>)<br>             Defendant. )<br>)  | Case No. 2:15-cv-01122-RFB-NJK<br><br>REPORT & RECOMMENDATION<br><br>(Docket No. 5) |

This matter is before the Court on Plaintiff Russell Hill's Third Application to Proceed *In Forma Pauperis,* filed August 24, 2015. Docket No. 3. Plaintiff, who is a prisoner in the custody of the South Mississippi Correctional Institution, has requested authority, pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule IB 1-9.

Plaintiff filed a prior application to proceed *in forma pauperis*, on June 15, 2015. Docket No. 1. On June 29, 2015, the Court denied Plaintiff's application without prejudice, because it was incomplete. Docket No. 2. Specifically, the Court informed Plaintiff that, pursuant to 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, he was required to complete an application to proceed *in forma pauperis* and attach both an inmate account statement for the past six months and a properly executed financial certificate. *Id.*, at 1. In his first application, Plaintiff failed to submit an inmate account statement and, therefore, the Court denied his application. *Id*. The Court allowed Plaintiff until July 29, 2015, to submit the completed application, with the inmate statement and financial certificate, or to pay the filing fee. *Id*., at 2.

1  Plaintiff's second application to proceed *in forma pauperis* was incomplete and, in fact,
2  contained the same deficiency as his first application. He again failed to submit an inmate account
3  statement. *See* Docket No. 3. As such, the Court denied Plaintiff's second *in forma pauperis*
4  application without prejudice. Docket No. 4. The Court noted that it had previously informed
5  Plaintiff that he was required to "complete an application to proceed *in forma pauperis* and attach
6  both an inmate account statement for the past six months and a properly executed financial
7  certificate." *Id*., at 1. The Court stated that it would grant Plaintiff one final opportunity to cure the
8  deficiencies of his application to proceed *in forma pauperis*, and allowed him until August 27, 2015,
9  to file a fully complete application. *Id*., at 1.

10  Plaintiff has now submitted his third application to proceed *in forma pauperis*. Docket No.
11  5. For the third time, Plaintiff has submitted an incomplete application to proceed *in forma pauperis*.
12  For the third time, despite the Court's instructions, Plaintiff has submitted a financial certificate, but
13  has failed to submit an inmate account statement. *Id*. Therefore, for the third time, Plaintiff's
14  application to proceed *in forma pauperis* fails to comply with 28 U.S.C. § 1915(a)(2) and Local Rule
15  LSR 1-2.

16  Accordingly,

17  **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice to Plaintiff's
18  ability to commence a new action in which he either pays the appropriate filing fee in full or submits
19  a completed application to proceed *in forma pauperis*.

20  **IT IS FURTHER RECOMMENDED** that the Clerk of the Court enter judgment
21  accordingly.

22  **NOTICE**

23  Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must
24  be in writing and filed with the Clerk of the Court within 14 days of service of this document.**
25  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived
26  due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142
27  (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2)
28  . . . .

1  failure to properly address and brief the objectionable issues waives the right to appeal the District
2  Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951
3  F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.
4  1983).

   DATED: August 31, 2015.

                                        _____
                                        NANCY J. KOPPE
                                        UNITED STATES MAGISTRATE JUDGE